IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THOMAS G. NICKELS AND WHITNEY C. NICKELS                                    PLAINTIFFS

VS.
                                                           CIVIL CAUSE NO: 3:16-CV-183-NBB-JMV

NATIONSTAR MORTGAGE LLC;
BANK OF AMERICA CORPORATION;
SAFEGUARD PROPERTIES MANAGEMENT LLC;
SHAPIRO & MASSEY LLC;
AND JOHN DOES 1-5
                                                                                        DEFENDANTS


**MEMORANDUM OPINION**

Presently before the court is the plaintiffs' motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This action arises from a foreclosure that occurred on May 19, 2015, in Panola County, Mississippi. The Plaintiffs owned real property and a residential dwelling house located at 22059 Highway 315, Sardis, Mississippi. The note and deed of trust secured by the plaintiffs were originally executed in favor of Franklin American Mortgage Company. The deed of trust was subsequently assigned to Defendant Bank of America Corporation ("BOA"). Plaintiffs later fell behind on payments due under the note. Plaintiffs contacted BOA to make arrangements to cure the delinquent payments and were informed by BOA about the possibility of a loan modification. BOA provided Plaintiffs with a formal application to complete to receive loan assistance and/or

modification. BOA subsequently sold the rights to the loan to Defendant Nationstar. Plaintiffs allege that they contacted Nationstar and inquired about the loan modification but were told that there was no record of any application. Nationstar also took the position that the loan in question must be brought current immediately or the Plaintiffs would be subject to foreclosure. Plaintiffs were unable to pay off the note at the time. The Plaintiffs began trying to sell the property to avoid a foreclosure and listed the property for sale with a real estate agency. Plaintiffs allege, however, that on or about May 19, 2015, Defendants Nationstar, Safeguard Properties, and Shapiro & Massey ("Trustee") and/or their employees and/or agents intentionally, wrongfully, and without legal authority trespassed upon the subject property and changed the locks to the residence, removed the realtor's "for sale" sign from the yard and wrongfully took possession of the property. Defendant Nationstar claims that since the Plaintiffs defaulted on the loan they had no right to exclusive possession.

On July 31, 2015, Defendant Nationstar executed and then recorded on August 10, 2015, at Book 2015 Page 7307 a "Substitution of Trustee" in favor of Defendant Shapiro & Massey, LLC, in the Chancery Clerk's Office for the Second Judicial District of Panola County, Mississippi, which is not the judicial district where the subject property is located. Defendants Nationstar and/or the Trustee caused to be published a Substituted Trustee's Notice of Sale in *The Panolian*, a newspaper located in and having a general publication in the Second Judicial District of Panola County. On September 18, 2015, Defendants Nationstar and/or the Trustee conducted a foreclosure sale of the subject property and executed and recorded a Substituted Trustees Deed at Book 2015 Page 1209 in the Chancery Clerk's Office for the First Judicial District of Panola County,

where the property is located, allegedly causing a cloud upon the title of the subject property. On March 14, 2016, the Substitution of Trustee executed on July 31, 2015, was re-recorded in the Chancery Clerk's Office for the First Judicial District of Panola County, at Book 2016 Page 8116. On April 25, 2016, the Trustee, acting for Defendant Nationstar, recorded a "Notice to Public" in the same Chancery Clerk's Office, stating that on April 13, 2016, they learned that the first recorded Substitution of Trustee was recorded in the wrong judicial district. The Plaintiffs filed their Verified Complaint in the First Judicial District of Panola County, on July 7, 2016. Plaintiffs allege in the complaint several causes of action including breach of contract, negligence, wantonness, unjust enrichment, promissory estoppel, breach of fiduciary duty, wrongful foreclosure, abuse of process, slander of title, accounting, trespass, intentional and/or negligent infliction of emotional distress, libel, fraud, and outrage. Nationstar Mortgage, LLC, removed this case based upon diversity of citizenship, alleging that Shapiro & Massey, LLC, was improperly joined, and Safeguard Properties Management, LLC, was both diverse and improperly joined.

## **Standard for Removal and Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[R]emoval statutes are to be construed strictly

against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The removing party bears the burden of establishing the basis for diversity jurisdiction. *Id. See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

In diversity jurisdiction cases, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The "burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs*, 181 F.3d at 699). Under the second prong, the court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of *all defendants*." *McDonal*, 408 F.3d at 183. A

4

district court normally examines a claim of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573.

**<u>Analysis</u>**

Defendant Nationstar alleges in its Notice of Removal that Safeguard is not a Mississippi LLC. The Defendants cite Safeguard's application for registration as a foreign limited liability company and Safeguard's corporate disclosure statement. In its disclosure statement, Safeguard notes the following: Safeguard Properties Management, LLC, is a Delaware limited liability company whose sole member is Safeguard Holdings, L.P. Safeguard Holdings, L.P. is a Delaware limited partnership whose general partner is Safeguard Holdings, G.P., LLC. Safeguard Holdings, G.P., LLC, is a Delaware limited liability company whose members are KJH Holdings Co., Inc., and four irrevocable family trusts. KJH Holdings Co., Inc., is an Ohio Corporation with its principal place of business in Ohio. The four family trusts are all Ohio trusts with all of their trustees, grantors, and beneficiaries being domiciled in and residents of Ohio.

The Plaintiffs claim that Safeguard Properties is a Mississippi LLC and attached copies of Safeguard's 2013-2016 Mississippi Limited Liability Company Annual Reports showing that for at least four years Safeguard has filed reports with the State of Mississippi stating that its state of incorporation is Mississippi and that it is not a foreign LLC.

This Court finds in favor of the Defendants on this issue noting that Safeguard and Nationstar have shown that these annual reports were made in error, and that Safeguard is an LLC incorporated in Delaware with its principal place of business in

Ohio, with none of its members domiciled in Mississippi. Safeguard is thus, an Ohio resident and a diverse party.

The same cannot be said for Shapiro & Massey LLC. It is not disputed that Shapiro & Massey, LLC, is a Mississippi company. The Defendants claim that, in it's role as a substituted trustee, Shapiro & Massey is a nominal party whose citizenship is irrelevant for diversity jurisdiction purposes, citing *Brown v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 84925, 12-13 (S.D. Miss June 30, 2015). According to *Brown*, the nature of the allegations against a substituted trustee are irrelevant; if the trustee is alleged to have taken the actions in its capacity as trustee, it is a nominal party whose citizenship is disregarded. *Brown*, LEXIS 84925 at 12-13. The Plaintiffs claim that *Brown* is distinguishable from the present case given the details of the trustee's alleged conduct. While the court agrees with the ruling in *Brown*, under a Rule 12(b)(6) analysis the court must resolve disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Travis*, 326 F.3d at 648. The Plaintiffs have stated a number of claims against Shapiro & Massey upon which they could possibly prevail in state court, including trespass and wrongful foreclosure. While substituted trustees are considered nominal parties, a number of the allegations against Shapiro & Massey occurred on May 19, 2015, and the Substitution of Trustee was not executed until July 31, 2015. Thus, Shapiro & Massey would not have been a substituted trustee when the allegations occurred. For this reason the court finds that Shapiro & Massey is not a nominal party and has not been improperly joined.

To arrive at this determination the Court has conducted a Rule 12(b)(6) analysis. Rule 12(b)(6) looks at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant. *Smallwood,* 385 F.3d at, 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* Under 12(b)(6) analysis, courts resolve disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Travis*, 326 F.3d at 648. As noted, the Plaintiffs have stated a number of claims against Shapiro & Massey upon which relief may be granted in state court. The claims include wrongful foreclosure, negligence, abuse of process, slander of title, trespass, libel, and fraud. Thus, this court cannot say that Plaintiffs have no reasonable possibility of recovery against the non-diverse defendant. The court finds no improper joinder, and complete diversity is lacking among the parties.

## **Conclusion**

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well-taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 31st day of July, 2017.

        /s/ Neal Biggers  
       NEAL B. BIGGERS, JR.  
       UNITED STATES DISTRICT JUDGE